UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROBERT E. MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:12-cv-142-JMS-WGH |
| | ) | |
| WARDEN JOHN OLIVER, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Robert Miller is confined in this District serving the executed portion of a sentence imposed by the United States District Court for the Northern District of Georgia. Miller filed the present action seeking relief pursuant to 28 U.S.C. § 2241. He claims that a prison disciplinary proceeding is constitutionally infirm. The operative document in which that claim is made is his amended petition for writ of habeas corpus filed on September 6, 2012.

Whereupon the court, having considered the pleadings and the supplement filed on October 26, 2012, and being duly advised, now finds that the relief sought by the petitioner must be denied and that the action must be dismissed. This conclusion rests on the following facts and circumstances:

1.      A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2241(c)(3) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *See Miller v. Zych*, 2010 WL 4175060 (W.D.Va. Oct. 22, 2010).

2.      AFederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.@ *McFarland v. Scott,* 512 U.S. 849, 856 (1994).

3.      Miller is in the custody of the Federal Bureau of Prisons (ABOP@) and challenges the proceedings associated with BOP Incident Report No. 2245160. Certain particulars of that proceeding are the following:

      a.    The incident report was issued on December 14, 2011, charging Miller with "conduct which disrupts the orderly running of the institution most like . . . attempted use of the mail for abuses to further criminal activity."

      b.    Miller received a copy of the incident report on December 14, 2011.

      c.    Miller was supplied with notice of his procedural rights in connection with the matter. Through this notice, Miller was informed of his procedural rights in conjunction with the anticipated hearing.

      d.    The DHO hearing was conducted on January 26, 2012. Miller was present. He waived the opportunity to have a staff representative. Miller made a statement concerning the charge.

      e.    After considering that evidence, Miller was found guilty of the charged offense. In support of this finding, the DHO found that during a search of Miller's cell on December 14, 2011, a "Bonded Promissory Note" in the amount of $10,000.00, signed by Miller, made payable to Tina Hoppa and drawn on the United States Treasury was discovered with printed information to Tina Hoppa as to how to present that instrument to her bank. This Bond was fabricated by Miller and was not authorized by the United States Treasury. By fabricating the Bond and writing instructions on how to negotiate it, Miller was using the mail to instruct Tina Hoppe on how to commit a crime, that being committing fraud against the bank to which the Bond would be presented. This is a misuse of the mail.

      4.    The Due Process Clause of the Fifth Amendment imposes four requirements on prison disciplinary committees: (1) prison officials must give the prisoner advance written notice of the charges against him; (2) the disciplinary hearing officer must give the prisoner the opportunity to present witnesses and evidence in his defense; (3) the fact-finders must give the prisoner a written statement of the evidence upon which they relied and the reasons for their decision; and (4) the decision maker must be sufficiently impartial. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (citing *Superintendent v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974)). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Hill.* The Asome evidence@ standard is less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record. *Id.,* 472 U.S. at 457. These protections are also contained BOP regulations. At the time pertinent to the events described here, the regulations were found in 28 C.F.R. '' 541.10 through 541.23.

      5.    It is undisputed here that Miller suffered the loss of a protected liberty interest through the forfeiture of earned good time as a result of the charge issued on December 14, 2011, and the ensuing hearing and decisions. Using the protections recognized in *Wolff* and *Hill* as an analytical template, Miller received all the

process to which he was entitled associated with the proceeding which is challenged here. That is, the charge was clear and adequate notice was given. In addition, (1) Miller was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of her findings, and (3) the hearing officer issued a written reason for her decision and for the sanctions which were imposed. The evidence was sufficient, consisting of the account of the incident set forth in the incident report. Miller's quest to have the evidence re-weighed is outside the scope of a habeas court's inquiry in these circumstances. *McPherson v. McBride,* **188 F.3d 784, 786 (7th Cir.1999)**("In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotations marks and citation omitted).

6.  Miller's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* **418 U.S. at 558.** There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Miller to relief. The amended petition for writ of habeas corpus shows on its face that Miller is not entitled to the relief he seeks because there was no constitutional infirmity in the challenged disciplinary proceeding. The amended petition for writ of habeas corpus must therefore be **denied** and the action dismissed. Although the respondent has appeared in the action, the proper disposition is evident from the foregoing and no further briefing is warranted.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/20/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Robert E. Miller, Jr.
Reg. No. 48707-019
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

Electronically registered counsel